UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CRISTINA GONZALEZ,**

    **Plaintiff,**

v.                 **CASE NO.:**

**MEDICAL STAFFING, P.A., a
Florida Profit Corporation,**

    **Defendants.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff CRISTINA GONZALEZ (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and Demand for Jury Trial against MEDICAL STAFFING, P.A. (hereinafter "Defendant"), and in support thereof states the following:

**NATURE OF CASE**

This is a claim by Plaintiff, against her former employer for damages and all available relief under the Pregnancy Discrimination Act of 1978 ("PDA"), which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et. seq., 42 U.S.C. §1981 (Collectively "Title VII"), and the Florida Civil Rights Act ("FCRA"), Florida Statutes §§ 760.01-760.11. As a result, and for the violation of Plaintiff's rights to be free from pregnancy discrimination, Plaintiff seeks to recover front pay, back pay, an equal amount as liquidated damages,

reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## PARTIES

1. Plaintiff was employed by Defendant from approximately May 7, 2017 until July 15, 2021, as a Patient Care Coordinator.

2. Plaintiff performed work for the Defendant at its Winter Park, Florida location.

3. Defendant MEDICAL STAFFING, P.A., is a Florida for profit corporation, which owns, controls, and operates business which provide healthcare services in the state of Florida, including the location where Plaintiff was employed.

## JURISDICTION AND VENUE

4. This Court has Jurisdiction over this matter pursuant to 28 U.S.C. § 1331 with federal questions involving Title VII and 28 U.S.C. § 1367.

5. The acts and omissions giving rise to this action occurred in Winter Park, Florida.

7. Plaintiff was employed with Defendant in Winter Park, Florida.

8. Defendant was an employer as defined by the laws under which this action is brought and employed greater than 15 employees.

11. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred within this District.

## STATUTORY PREREQUISITES

12. Plaintiff was a member of a class of individuals protected by Title VII and the PDA given that, at all times material to the allegations herein, Plaintiff experienced discrimination based on her pregnancy.

13. Plaintiff was qualified for her position as a Patient Care Coordinator.

14. The Defendant meets the statutory criteria for coverage as an "employer" under Title VII and the PDA.

15. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and the PDA.

16. Plaintiff has satisfied all administrative prerequisites to perfect her claim.

17. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), incorporated herein, attached hereto and marked as **Exhibit A**, and the EEOC issued a notice of right to sue attached hereto and marked as **Exhibit B**.

18. Plaintiff brings this suit within ninety (90) days of receipt of her notice of right to sue.

## FACTS

19. Plaintiff began her employment with Defendants on or around May 7, 2017 as a Medical Ambassador.

20. Plaintiff was promoted by Defendants to the position of Patient Care Coordinator in June 2018.

21. On June 8, 2021, Plaintiff informed Defendant that she was pregnant.

22. The facility Director, Sherie Dunlap, was also informed that Plaintiff was pregnant on or around June 8, 2021.

23. Accordingly, Plaintiff became a member of a class of individuals protected by Title VII and the PDA based on her status as a pregnant woman.

24. Subsequent to Plaintiff's disclosure of her pregnancy, Plaintiff became the target of pejorative and discouraging comments and remarks from her supervisor, Sherie Dunlap, regarding her status.

25. Plaintiff suffered from extreme nausea and illness due to her pregnancy.

26. Defendant knew of Plaintiff's pregnancy and her need to immediately seek medical attention moments before her termination.

27. Defendant terminated Plaintiff due to unavoidable complications with her pregnancy.

28. Plaintiff was treated less favorably than similarly situated employees in that non-pregnant employees were not terminated for the alleged performance issues for which Plaintiff was terminated.

29. On July 30, 2021, Plaintiff received a Growth Form which documented Plaintiff's abilities in the areas of: (1) Quality Medicine, (2) Taking Care of Each Other, (3) Patient Experience, (4) Fiscal Responsibility, and (5) Growth.

30. Plaintiff received "Highly Effective" ratings in the areas of: Quality Medicine, Taking Care of Each Other, Patient Experience, and Growth.

31. Plaintiff received an "Effective" rating in the area of Fiscal Responsibility.

32. Plaintiff received a Progressive Discipline Form, on July 13, 2021 – two days prior to her termination.

33. Plaintiff's only other Progressive Discipline Form was generated on August 28, 2018 – two years prior.

34. Plaintiff was terminated on July 15, 2021.

35. Defendant's alleged reasons for Plaintiff's terminations are pretextual.

## COUNT I
## PREGNANCY DISCRIMINATION UNDER
## PREGNANCY DISCRIMINATION ACT & TITLE VII

36. Plaintiff restates and incorporates herein the foregoing paragraphs 1-35 as though fully stated herein.

37. Defendant discriminated against Plaintiff based on her pregnancy.

38. Defendant engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff as set forth above.

39. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

40. Based on the conduct described in this Complaint, Defendant is liable for discrimination in violation of the Pregnancy Discrimination Act and Title VII.

41. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law.

42. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

## COUNT II
## PREGNANCY DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT

43. Plaintiff restates and incorporates herein the foregoing paragraphs 1-35 as though fully stated herein.

44. Defendant discriminated against Plaintiff based on her pregnancy.

45. Defendant engaged in unlawful employment practice prohibited by The Florida Civil Rights Acts, Florida Statues, 760.01-760.11, by discriminating against Plaintiff as set forth above.

46. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

47. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal and state law.

48. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 27th day of July, 2022.

                                  Respectfully submitted,

                                  ***s/Julien W. Maynard***
                                  Anthony Hall, Esq.
                                  FL Bar No.: 40924
                                  Julien W. Maynard, Esq. – LEAD COUNSEL
                                  FL Bar No.: 1035332
                                  THE LEACH FIRM, P.A.
                                  631 S. Orlando Avenue, Suite 300
                                  Winter Park, Florida 32789
                                  Telephone: (407) 574-4999
                                  Facsimile: (833) 523-5864
                                  Email: ahall@theleachfirm.com
                                  Email: jmaynard@theleachfirm.com
                                  Email: yhernandez@theleachfirm.com

                                  ***Attorneys for Plaintiff***